1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

9
10

CHURCH OF THE GARDENS a
Washington Not-for-Profit Corporation
operating as a faith-based religious
organization; RAYMOND DE BOTTON,
as an individual and member of the Church;
and SCOTT ERIK STAFNE, as an
individual and also member and Advocate
for the Church,

                        Plaintiffs,

v.

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT; MOLLY C.
DWYER, Clerk of the Court for the United
States Ninth Circuit Court of Appeals; and
Court of Appeals John and Jane Doe
deputy clerks 1-10 of United States Ninth
Circuit Court of Appeals,

                        Defendants.

No.: _____

**COMPLAINT and JURY
DEMAND**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT

Page 1

The Church of the Gardens, its members (including Plaintiffs DeBotton and Stafne), Raymond DeBotton as an individual and Scott Erik Stafne as an individual and as the Church Advocate complain as follows:

## I.    PARTIES

1.1    The Church of the Gardens (hereafter "Church" or "COTG") is a Christian religious organization within the meaning of the First Amendment to the United States Constitution, which has as its mission those tasks set forth in its mission statement, which is attached hereto as **Exhibit 1**.

1.2    The members of COTG ("Members") who have been injured by the following described defendants include, among others, Raymond DeBotton ("DeBotton") and Scott Erik Stafne ("Stafne"). COTG members allege that it is more likely than not other members of COTG will be injured by defendants' practices challenged herein, which are alleged to be engaged in against Church members and others in order to promote the best interests of employees of courts (including judicial officers) by denying COTG church Members and other property owners of their constitutional rights to adjudication of their claims and defenses in cases involving their private rights in Article III courts by way of independent and neutral judges exercising the National judicial power.

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

1.3     Scott Erik Stafne ("Stafne") is the Church Advocate for COTG. Stafne is a licensed attorney in the State of Washington, who is employed by Stafne Law Advocacy and Consulting ("SLAC"), which is a faith based auxiliary of COTG, to among other things, represent church members and others with regards to government takings of their real properties located in Washington State.

1.4     Defendant United States Court of Appeals for the Ninth Circuit is an institution of the judicial branch of the national government which is required to exercise its Article III judicial power over cases involving private rights through judicial officers holding the office of judge during good behavior. Defendant United States Court of Appeals adjudicates appeals of cases originating in the state and federal courts of Washington State.

1.5     Defendant Molly C. Dwyer (hereafter "Defendant Clerk" or "Defendant Dwyer") is the Clerk of the United States Ninth Circuit Court of Appeals.

1.6     Defendant Clerk does not hold the office of judge during good behavior.

1.7     Defendant Court of Appeals John and Jane Doe deputy clerks, one through ten, (hereafter Defendant Doe clerks) are deputy clerks of the United

COMPLAINT

Page 3

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

States Ninth Circuit Court of Appeals, who have purported to exercise the judicial power of that Court anonymously.

1.8     Defendant Doe clerks do not hold the office of judge during good behaviour.

## II.     JURISDICTION, VENUE AND JURY DEMAND

2.1     Jurisdiction in this Court exists under 28 U.S.C. §1331.

2.2     Venue is appropriate in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391 because this is the judicial district where COTG's and SLAC's main offices are located. Additionally, venue is appropriate in the Western District because it is the district where DeBotton and Stafne reside.

## III.     FACTS

3.1     Molly C. Dwyer, the Clerk of the Ninth Circuit Court of Appeals, does not hold the office of judge during good behavior.

3.2     Jane and John Doe deputy clerks do not hold the office of judge during good behavior.

3.3     DeBotton filed a notice of appeal of this Court's, i.e. the United States District Court for the Western District of Washington's, decision in *DeBotton v.*

*Quality Loan Service Corporation of Washington, et al.*, No. 24-2738 on or about

April 29, 2024. A true and correct copy of the Docket in that appeal proceeding

obtained on or about July 1, 2024, is attached hereto as **Exhibit 2**.

3.4     As the Docket reflects on May 3, 2024, the Clerk of the Court filed an

order which provides:

> **ORDER FILED**. A notice of appeal must be filed within the
> "mandatory and jurisdictional" deadline in Federal Rule of Appellate
> Procedure 4(a)(1). *See United States v. Sadler*, 480 F.3d 932, 937 (9th
> Cir. 2007); 28 U.S.C. § 2107. This court may therefore lack
> jurisdiction over this appeal.
>     Within 21 days, appellant must either file a statement
> explaining why the appeal should not be dismissed for lack of
> jurisdiction or move for voluntary dismissal of the appeal. If appellant
> does not comply with this order, the court will dismiss this appeal. *See*
> 9th Cir. R. 42-1. If appellant files a statement, any appellee may file a
> response within 10 days.

A copy of this Clerk's Order is attached hereto as **Exhibit 3**.

3.5     On information and belief, if DeBotton had not filed a response to this

order his appeal would have been unconstitutionally, unlawfully, unjustly, and

inappropriately dismissed by the Clerk Dwyer or one of the Doe deputy clerks

acting on behalf of the Court of Appeals for the Ninth Circuit.

3.6     Article III of the United States Constitution prohibits the exercise of

the United States' government's judicial power in cases involving private rights to

COMPLAINT

Page 5

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

adjudications of judicial inquiries performed by judicial officials holding the office of judge during good behavior.

3.7    The separation of powers structure embodied in the United States Constitution prohibited Defendant Clerk Dwyer and Defendant Doe clerks from exercising this Nation's judicial power in this case involving Plaintiffs private rights.

3.8    Under the circumstances of DeBotton's case, which was removed from the Superior Court of Snohomish County, Washington to the United States District Court for Western Washington, the federalism structure of the United States Constitution restricts Defendant Ninth Circuit Court of Appeal's exercise of the Article III judicial power to that which is performed by judicial officials holding the office judge during good behavior.

3.9    Plaintiffs also assert as a matter of law that neither defendants Dwyer nor Doe deputy clerks acting on Dwyer's behalf had authority under the fifth amendment to the United States Constitution and international human rights law to dismiss DeBotton's appeal based on the Ninth Circuit of Appeals' lack of subject matter jurisdiction as this was a decision which under controlling organic law had to be adjudicated in a cases involving private rights by an Article III judicial official holding the office of judge during good behavior.

COMPLAINT

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

3.10    On May 22, 2024, DeBotton filed a response to Defendant Dwyer's Order set forth above as **Exhibit 3**. A copy of that presentation is attached hereto as **Exhibit 4**.

3.11    On May 22, 2024, the Appellee State of Washington filed a response to the Clerk's Order set forth above as **Exhibit 3**. A copy of the State of Washington's presentation in this regard is attached hereto as **Exhibit 5**.

3.12    On May 31, 2024, the Appellee Select Portfolio Servicing, Inc. ("SPS") filed a reply to DeBotton's response to the Clerk's Order set forth above as **Exhibit 3**. A copy of the SPS' presentation in this regard is attached hereto as **Exhibit 6**.

3.13    On July 1, 2024, Plaintiff DeBotton filed a 28(j) letter with the Ninth Circuit Court of Appeals. A copy of that letter is attached hereto as **Exhibit 7**.

3.14    On July 1, 2024, Plaintiff Stafne filed an identical 28(j) letter with the Ninth Circuit Court of Appeals in *Scott Erik Stafne v. Quality Loan Servicing Corp. of Wahsington*, No. 23-3509, a separate appeal arising out of this Court's sanctioning of Stafne and a non-existent law firm for Stafne's handling of DeBotton's case which had been removed to this District Court.

3.15    On July 1, 2024, Molly C. Dwyer, the Clerk, or a deputy clerk on her behalf filed an Order in the DeBotton appeal, which states:

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

**ORDER FILED**. "[I]f the district court does not set forth the judgment on a separate document, an appealable final order is considered entered when 150 days have run from the time the final order is docketed . . . . [A]n appellant must then file a notice of appeal within 30 days after the end of that 150-day period." *Stephanie-Cardona LLC v. Smith's Food & Drug Centers, Inc.*, 476 F.3d 701, 703 (9th Cir. 2007); *see also* Fed. R. App. P. 4(a)(7)(A)(ii). Because appellant filed the notice of appeal within 180 days of the district court's January 11, 2024 dismissal order, the May 3, 2024 order is vacated as issued in error.

The opening brief is due August 12, 2024. The answering brief is due September 11, 2024. The optional reply brief is due within 21 days after service of the answering brief.

A copy of this Order is attached hereto as **Exhibit 8**.

3.16    On information and belief defendants Ninth Circuit Court of Appeals, Clerk Dwyer and Doe clerks knew or should have known at the time **Exhibit 3** was entered that the assertion that "[a] notice of appeal must be filed within the "mandatory and jurisdictional" deadline in Federal Rule of Appellate Procedure 4(a)(1)" was false. *Compar*e **Exhibit 3** with **Exhibit 8**.

3.17    On information and belief defendants Ninth Circuit Court of Appeals, Clerk Dwyer, and Doe clerks knew or should have known at the time **Exhibit 3** was filed that DeBotton had 150 days within which to file the Notice of Appeal in DeBotton's case.

3.18    The actions of defendant Court of Appeals taken through Defendants Clerk Dwyer and/or Doe clerks in attempting to deny DeBotton access to an appeal

COMPLAINT

Page 8

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

has caused DeBotton, COTG, and Stafne injury. Such injury includes without limitation having to respond to a jurisdictional order of the Ninth Circuit Court of Appeals which should never have been entered by judicial employees not holding the office of judge during good behavior.

3.19    Additionally, in the related appeal of *Scott Erik Stafne v. Quality Loan Servicing Corp. of Wahsington*, No. 23-3509, defendant Court of Appeals ordered defendant Clerk Dwyer to refund money that Plaintiff Stafne, while acting as the COTG advocate, paid as a filing fee for his appeal of that case. A copy of this Order is attached hereto as **Exhibit 9**.

3.20    The Ninth Circuit Court of Appeals or the United States District Court for the Eastern District of Washington engaged in similar conduct regarding COTG members' filing fees in *John v. Quality Loan Service Corp. of Wahsington, et al.*, No. 20-35843. A copy of the pertinent pages outlining the issue is attached hereto as **Exhibit 10.**

3.21    Additionally, in  *Scott Erik Stafne v. Quality Loan Servicing Corp. of Wahsington*, No. 23-3509 Stafne was required to file a motion challenging the subject matter jurisdiction of Defendant Doe clerks in noting his Notice of Appeal as also having been filed on behalf of his client DeBotton. A copy of that motion is attached hereto as **Exhibit 11**.

COMPLAINT

Page 9

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

3.22   Instead of adjudicating the motion presented by Stafne which presented judicial inquiries related to Defendant Court of Appeals lack of subject matter jurisdiction to issue the order challenged, Defendant Doe clerk(s) mischaracterized the motion presented as one to change the caption of the appeal.

## IV. CAUSES OF ACTION

### A. Violations of the United States Constitution

4.1   Plaintiffs reallege each of their previous allegations.

#### 1. Article III

4.2   Defendant Clerk Dwyer and defendant Doe Clerks are not competent under the United States Constitution to exercise Article III judicial power on behalf of the Article III courts of this Nation in cases involving private rights. *See e.g. Todd v. United States*, 158 U.S. 278 (1895).

4.3   To the extent defendant Ninth Circuit Court of Appeals allows clerks who do not hold the office of judge to exercise the judicial power necessary to adjudicate that court's subject matter jurisdiction to  adjudicate appeals, the Ninth Circuit Court of Appeals violates Article III as it should be construed pursuant to its language and history.

#### 2. Separation of Powers structure of government

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

4.4     Defendant Clerk Dwyer and defendant Doe Clerks are not competent under the Separation of Powers structure of the United States Constitution to exercise Article III judicial power on behalf of the courts of this Nation in cases involving private rights.

4.5     To the extent defendant Ninth Circuit Court of Appeals allows clerks who do not hold the office of judge during good behaviour to exercise the judicial power necessary to determine Defendant Court of Appeals' subject matter jurisdiction to adjudicate DeBotton's and Stafne's appeals and other COTG members' appeals, the Ninth Circuit Court of Appeals as an institution violates the Separation of Powers structure of government established by the United States Constitution.

### 3.  Federalism structure of government

4.6     Defendant Clerk Dwyer and defendant Doe Clerks are not competent under the federalism structure of the United States Constitution to exercise Article III judicial power on behalf of the courts of this Nation in DeBotton and Stafne's cases involving private rights.

4.7     To the extent defendant Ninth Circuit Court of Appeals allows clerks who do not hold the office of judge during good behaviour to exercise the judicial power necessary to determine Defendant Court of Appeals' subject matter

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

jurisdiction to adjudicate appeals, the Ninth Circuit Court of Appeals as an institution violates the Federalism structure of government established by the United States Constitution.

### 4. Protections afforded Plaintiffs against the United States government (including its courts and the judicial officers) depriving Plaintiffs and its property owners of life, liberty, or property without due process of law

4.8     Plaintiffs are constitutionally protected by the Fifth Amendment to the United States Constitution against Defendant Clerk Dwyer and Defendant Doe clerks adjudicating the judicial inquiries presented to Defendant Court of Appeals regarding Defendant Court of Appeals' subject matter jurisdiction to adjudicate Plaintiffs' cases because Plaintiffs have a structural right to have their cases adjudicated by a judicial official holding the office of judge during good behavior.

4.9     Plaintiffs assert as a matter of law that the Fifth Amendment incorporates as part of "due process" those human rights afforded Plaintiffs by international human rights law, including without limitation: Article 10 of the Universal Declaration of Human Rights[1], which provides:

> Everyone is entitled in full equality to a fair and public hearing by an **independent and impartial** tribunal, in the determination of his rights and obligations and of any criminal charge against him.

---

[1] Last retrieved on February 15, 2024 at:
https://www.un.org/en/about-us/universal-declaration-of-human-rights

COMPLAINT

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

4.10   Plaintiffs assert as a matter of law that the Fifth Amendment

incorporates as part of "due process" those human rights afforded Plaintiffs by

international human rights law, including without limitation: Article 14(1) of the

*International Covenant on Civil and Political Rights* provides in pertinent part:

> 1. All persons shall be equal before the courts and tribunals. In the determination of any criminal charge against him, or of his rights and obligations in a suit at law, ***everyone shall be entitled to a fair and public hearing by a competent, independent and impartial tribunal established by law***. …[2]

(Emphasis Supplied)

### 5. Protections afforded Plaintiffs by international human rights law against the United States government (including its courts and the judicial officers) depriving Plaintiffs and COTG members of life, liberty, or property without due process of law

4.11   Plaintiffs assert as a matter of law that international human rights law

intended to protect Plaintiffs and Plaintiff COTG members from having their cases

adjudicated by judges who do not qualify as competent judicial officers under this

Nation's own organic law are applicable to them as litigants in the cases currently

pending before Defendant Ninth Circuit Court of Appeals.

4.12   Plaintiffs assert that Defendants Ninth Circuit Court of Appeals, Clerk

Dwyer, and Doe clerks violated the protections afforded Plaintiffs by international

---

[2] Last retrieved on February 15, 2024 at:
https://www.ohchr.org/en/instruments-mechanisms/instruments/international-covenant-civil-and-political-rights

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

law when Defendant Clerk Dwyer and Doe clerks purported to exercise Article III judicial power to adjudicate the jurisdictional judicial inquiries purported to exist in the foregoing cases and appeals.

### B.  Equitable Causes of Action.

1.  <u>Defendants Clerk Dwyer's and/or Doe Defendants' Actions with regard to adjudicating the Ninth Circuit Court of Appeals jurisdiction of Plaintiffs' appeals are Ultra Vires and therefore Void and should be enjoined.</u>

5.1     Plaintiffs reallege each of their previous allegations.

5.2     The roots of the ultra vires doctrine can be traced back to ancient legal systems, where limitations were placed on the exercise of power by rulers and governing bodies.

5.3     The ultra vires doctrine gained significant prominence in English common law during the 19th century. It was primarily developed as a response to the expanding powers of corporations and governmental bodies. Courts began to scrutinize the actions of these entities to determine whether they were acting within their legal boundaries. The doctrine aimed to protect shareholders, citizens, and the rule of law by preventing entities from engaging in acts that were beyond their authorized scope.

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

5.4     Those who wrote and ratified the Constitution of the United States intended this written organic law would define the parameters of the National government's exercise of judicial power pursuant to Article III and the Constitution's separation of powers and federalism structures of government.

5.5     In the realm of equity jurisprudence, the notion of fairness and accountability holds utmost importance. It is the responsibility of the Article III legal system to ensure that actions taken by organizations, whether public or private (including actions taken by judicial officials and courts), are within the boundaries of their legal authority. When organizations exceed these boundaries, they engage in ultra vires acts, which can have far-reaching consequences for fairness and accountability.

5.6     Plaintiffs allege as a matter of law that Defendant Ninth Circuit Court of Appeals acts in an ultra vires fashion when it purports to allow persons who do not hold the office of judge during good behaviour to adjudicate judicial inquiries as to whether that court had subject matter jurisdiction regarding the appeals of the above described cases, *DeBotton v. Quality Loan Service Corp. of Washington, et al.*, No. 24-2738 and *Stafne v. Quality Loan Service Corp. of Washington*, No. 23-3509.

COMPLAINT

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

5.7     Plaintiffs allege as a matter of law that Defendant Clerk Dwyer and/or Defendant Deputy Clerks Doe act in an ultra vires fashion when either of them separately (or both collectively) purport to adjudicate the subject matter jurisdiction of the Defendant Ninth Circuit Court of Appeals regarding the appeals in *DeBotton v. Quality Loan Service Corp. of Washington, et al.*, No. 24-2738 and *Stafne v. Quality Loan Service Corp. of Washington*, No. 23-3509.

5.8     Because Defendant Ninth Circuit Court of Appeals does not have the authority to exercise judicial power through clerical adjudications, the decisions made by Defendant clerks on behalf of this Court described above are void and should be enjoined in these appeals and in the future.

5.9     Furthermore, Defendants Ninth Circuit Court of Appeals, Clerk Dwyer, and Deputy Clerk Does should be enjoined from acting in the same ultra vires fashion in other appeals to which Plaintiffs, including COTG members, are parties.

2.   Restitution.

5.10   Equity jurisprudence also allows for restitution and compensation to those affected by ultra vires acts. Restitution aims to restore the affected party to their pre-harm position. In the case of an ultra vires act causing financial loss, restitution may involve the return of funds or assets to the affected party.

COMPLAINT

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

Compensation, on the other hand, aims to provide monetary damages to compensate for the harm suffered.

5.11   One of the key aspects of equity jurisprudence is its ability to balance competing interests. When addressing ultra vires acts, courts must consider the interests of the entity committing the act, the affected parties, and the broader public interest. For example, if the Ninth Circuit Court of Appeals through its Clerk and deputy clerks has exceeded its authority, equity jurisprudence allows this Court -- acting through a neutral and independent  judge -- to consider the rights of the litigants, the government's objectives, and the impact on the community with regards to returning funds and assets to the affected parties.

5.12   Plaintiffs allege as a matter of law that Defendants Ninth Circuit Court of Appeals and its Clerk Dwyer and defendant Doe Clerks are required to provide restitution for the costs of Plaintiffs' efforts to obtain an equitable remedy for those entities and persons unconstitutional, inequitable, and unfair conduct as is described herein.

### C. Damages.

5.13   Plaintiffs are entitled to compensation as a legal remedy for Defendants unconstitutional and illegal acts and omissions as are described herein.

COMPLAINT

Page 17

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs Church of the Gardens, including its members, Raymond DeBotton, Scott Erik Stafne, and others likely to be impacted by the practices demonstrated herein respectfully request that a constitutionally competent independent and neutral judge grant:

1.) Declaratory Relief that Clerk Dwyer and Doe Clerks are not Article III judicial officers holding the office of judge during good behavior;

2.) Equitable Relief restraining Clerk Dwyer and Doe Clerk's from exercising that judicial power reserved for Article III judges and providing restitution for Plaintiffs;

3.) Legal Damages;

4.) Such other relief as is just and fair under the circumstances here, including the Ninth Circuit's abuse of Article III judicial power against the People by giving its clerical staff governmental power they were never intended to have;

5.) And to have a jury determine those factual issues with which it will be necessary for an appropriate judge of this Court to apply the applicable law.

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

DATED this 9th day of July, 2024 at Arlington, Washington.

By: _s/ Scott E. Stafne_ WSBA No. 6964
Scott. E. Stafne

Stafne Law *Advocacy & Consulting*
239 North Olympic Avenue
Arlington, WA 98223
360.403.8700
Scott@Stafnelaw.com
*Attorney for the Plaintiffs'*

COMPLAINT

Page 19

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

# EXHIBIT  1

# MISSION STATEMENT

The mission of "Church Of the Gardens" is:

1) to proclaim the truth about God as we understand it;

2) to promote personal growth and development by applying principles of gardening to life;

3) to promote use of resources for creation and healing;

4) to minister to and protect those in need such as the hungry, the sick, the poor, the homeless, the indebted, the enslaved, the vulnerable, and all others who are unfairly prevented from exercising their inalienable God-given natural rights;

5) to harvest and distribute natural and organic foods and treatments for the benefit of all;

6) to promote social, spiritual, and economic opportunity worldwide;

7) to affiliate with other churches and faith based organizations to promote truth;

8) to train, develop, and support leaders in our communities, nations, and world as called for in our beliefs;

9) to demonstrate, using words only when necessary, our beliefs worldwide;

10) to act consistently with these beliefs privately and publicly;

11) to engage in activities necessary for the accomplishment of the mission; and

12) to oppose all, which by design or through corruption, are inimical to the church's mission;

As a part of its mission the Church of the Gardens, through its members, will engage in free speech, free assembly, and free exercise of religion to promote religious, spiritual, social, and political strategies through worship and education of people, governments, and institutions.

# EXHIBIT  2

**ACMS Docket Report**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 24-2738 | **Docketed:** 04/30/2024 |

**Nature of Suit:** 3950 Constitutionality of State Statutes
De Botton v. Quality Loan Service Corporation of Washington, et al.
**Appeal From:** Seattle, Western Washington
**Fee Status:** Paid

**Case Type Information:**
  **1)** Civil
  **2)** Private
  **3)**

**Originating Court Information:**
  **District:** Western District of Washington : 2:23-cv-00223-RSL
  **Trial Judge:** Robert S. Lasnik, District Judge
  **Date Filed:** 02/20/2023

| Date Order/Judgment: | Date Order/Judgment EOD: | Date NOA Filed: | Date Rec'd COA: |
|---|---|---|---|
| 03/27/2024 | 03/27/2024 | 04/29/2024 | 04/29/2024 |

**Prior Cases:**

**Current Cases:**

| | |
|---|---|
| RAYMOND DE BOTTON<br>  Plaintiff - Appellant | Mr. Scott Erik Stafne, Attorney<br>Direct: 360-403-8700<br>Email: scott@stafnelaw.com<br>[Retained]<br>Stafne Trumbull, PLLC<br>239 North Olympic Avenue<br>Arlington, WA 98223 |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON<br>  Defendant - Appellee | Mr. John M. Thomas, Attorney<br>Direct: 971-201-3203<br>Email: jthomas@mccarthyholthus.com<br>[Retained]<br>McCarthy & Holthus, LLP<br>920 SW Third Avenue<br>First Floor<br>Portland, OR 97204 |
| MCCARTHY & HOLTHUS, LLP<br>  Defendant - Appellee | Mr. John M. Thomas, Attorney<br>Direct: 971-201-3203<br>Email: jthomas@mccarthyholthus.com<br>[Retained]<br>McCarthy & Holthus, LLP<br>920 SW Third Avenue<br>First Floor<br>Portland, OR 97204 |
| WARREN LANCE<br>  Defendant - Appellee | Mr. John M. Thomas, Attorney<br>Direct: 971-201-3203<br>Email: jthomas@mccarthyholthus.com<br>[Retained]<br>McCarthy & Holthus, LLP<br>920 SW Third Avenue<br>First Floor<br>Portland, OR 97204 |
| FIRST HORIZON LOAN CORPORATION<br>  Defendant - Appellee | |

SELECT PORTFOLIO SERVICING, INC.
    Defendant - Appellee

Marissa A. Alkhazov, Attorney
Direct: 206-319-7052
Email: malkhazov@buchalter.com
[Retained]
Buchalter, A Professional Corporation
1420 5th Avenue
Suite 3100
Seattle, WA 98101

Midori Sagara, Attorney
Direct: 206-319-7035
Email: msagara@buchalter.com
[Retained]
Buchalter, A Professional Corporation
1420 5th Avenue
Suite 3100
Seattle, WA 98101

STATE OF WASHINGTON
    Defendant - Appellee

Kelsey Endres, Attorney
Direct: 206-521-3219
Email: kelsey.endres@atg.wa.gov
[Government]
AGWA - Office of the Attorney General
800 5th Avenue
Suite 2000
Seattle, WA 98104-3188

RAYMOND DE BOTTON,

          Plaintiff - Appellant,

  v.

QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; MCCARTHY & HOLTHUS, LLP; WARREN LANCE; FIRST HORIZON LOAN CORPORATION; SELECT PORTFOLIO SERVICING, INC.; STATE OF WASHINGTON,

          Defendants - Appellees.

| 04/30/2024 | 1 | **CASE OPENED.** A copy of your notice of appeal / petition filed in 2:23-cv-00223-RSL has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit.<br>The U.S. Court of Appeals docket number **24-2738** has been assigned to this case. All communications with the court must indicate this Court of Appeals docket number. Please carefully review the docket to ensure the name(s) and contact information are correct.  It is your responsibility to alert the court if your contact information changes.<br>**Resources Available**<br>For more information about case processing and to assist you in preparing your brief, please review the Case Opening Information (for attorneys and pro se litigants) and review the Appellate Practice Guide. Counsel should consider contacting the court's Appellate Mentoring Program for help with the brief and argument. [Entered: 04/30/2024 02:16 PM] |
| 04/30/2024 | ☐ 2<br>3 pg. 276 KB | **SCHEDULE NOTICE.** Mediation Questionnaire due (Appellant) 5/6/2024, Appeal Opening Brief (No Transcript Due) (Appellant) 6/10/2024, Appeal Answering Brief (No Transcript Due) (Appellee) 7/9/2024. All briefs shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1.<br>Failure of the petitioner(s)/appellant(s) to comply with this briefing schedule will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1. [Entered: 04/30/2024 02:19 PM] |
| 05/03/2024 | ☐ 3<br>2 pg. 211 KB | **ORDER FILED.** A notice of appeal must be filed within the "mandatory and jurisdictional" deadline in Federal Rule of Appellate Procedure 4(a)(1). See United States v. Sadler, 480 F.3d 932, 937 (9th Cir. 2007); 28 U.S.C. § 2107. This court may therefore lack jurisdiction over this appeal.<br>Within 21 days, appellant must either file a statement explaining why the appeal should not be dismissed for lack of jurisdiction or move for voluntary dismissal of the appeal. If appellant does not comply with this order, the court will dismiss this appeal. See 9th Cir. R. 42-1. If appellant files a statement, any appellee may file a response within 10 days. [Entered: 05/03/2024 05:07 PM] |
| 05/10/2024 | 4 | **MEDIATION ORDER (text only):** Mediation Questionnaire due (Appellant) 5/15/2024. The court of appeals' records do not indicate that appellant has filed a mediation questionnaire in accordance with Cir. R. 3-4. Appellant shall file a Mediation Questionnaire (form07.pdf (uscourts.gov)) or dismiss the appeal voluntarily. Information about the mediation program may be found on the court's website: www.ca9.uscourts.gov/mediation. [Entered: 05/10/2024 03:34 PM] |
| 05/14/2024 | ☐ 5<br>2 pg. 160 KB | **MEDIATION QUESTIONNAIRE** filed by Appellant Raymond De Botton.<br>To submit pertinent **confidential** information directly to the Circuit Mediators, please email ca09_mediation@ca9.uscourts.gov and include the case name and number in the subject line. Confidential submissions may include any information relevant to mediation of the case and settlement potential, including, but not limited to, settlement history, ongoing or potential settlement discussions, non-litigated party related issues, other pending actions, and timing considerations that may impact mediation efforts. [Entered: 05/14/2024 01:29 PM] |
| 05/15/2024 | 6 | **RELEASED FROM MEDIATION (text only).** This case is released from the Mediation Program. [Entered: 05/15/2024 02:28 PM] |
| 05/22/2024 | ☐ 7<br>406 pg. 148338 KB | **RESPONSE** to Order - Late General (DE 3) filed by Appellant Raymond De Botton. [Entered: 05/22/2024 06:21 PM] |
| 05/31/2024 | ☐ 8<br>12 pg. 1626 KB | **RESPONSE** to Order - Late General (DE 3) filed by Appellee State of Washington.<br>--[COURT UDPATE: Attached declaration and exhibits.] [Entered: 05/31/2024 11:06 AM] [Edited: 05/31/2024 01:53 PM] |
| 06/03/2024 | ☐ 9<br>32 pg. 12179 KB | **REPLY** to Response to Court Order (DE 7) filed by Appellee Select Portfolio Servicing, Inc.. [Entered: 06/03/2024 06:38 PM] |
| 07/01/2024 | ☐ 10<br>103 pg. 1074 KB | **CITATION** of Supplemental Authorities (28j Letter) filed by Appellant Raymond De Botton. [Entered: 07/01/2024 01:46 PM] |
| 07/01/2024 | ☐ 11<br>2 pg. 215 KB | **ORDER FILED.** "[I]f the district court does not set forth the judgment on a separate document, an appealable final order is considered entered when 150 days have run from the time the final order is docketed. . . . [A]n appellant must then file a notice of appeal within 30 days after the end of that 150-day period." Stephanie-Cardona LLC v. Smith's Food & Drug Centers, Inc., 476 F.3d 701, 703 (9th Cir. 2007); see also Fed. R. App. P. 4(a)(7)(A)(ii). Because appellant filed the notice of appeal within 180 days of the district court's January 11, 2024 dismissal order, the May 3, 2024 order is vacated as issued in error.<br>The opening brief is due August 12, 2024. The answering brief is due September 11, 2024. The optional reply brief is due within 21 days after service of the answering brief. [Entered: 07/01/2024 01:55 PM] |

# EXHIBIT 3

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

MAY 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND DE BOTTON,<br><br>       Plaintiff - Appellant,<br><br> v.<br><br>QUALITY LOAN SERVICE<br>CORPORATION OF WASHINGTON, et<br>al.;<br><br>       Defendants - Appellees. | No. 24-2738<br><br>D.C. No.<br>2:23-cv-00223-RSL<br>Western District of Washington,<br>Seattle<br><br>ORDER |

A notice of appeal must be filed within the "mandatory and jurisdictional" deadline in Federal Rule of Appellate Procedure 4(a)(1). *See United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007); 28 U.S.C. § 2107. This court may therefore lack jurisdiction over this appeal.

Within 21 days, appellant must either file a statement explaining why the appeal should not be dismissed for lack of jurisdiction or move for voluntary dismissal of the appeal. If appellant does not comply with this order, the court will dismiss this appeal. *See* 9th Cir. R. 42-1. If appellant files a statement, any appellee may file a response within 10 days.

Briefing is stayed.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

# EXHIBIT  4

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND DE BOTTON, | No. 24-2738 |
|      Plaintiff - Appellant, | D.C. No. 2:23-cv-00223-RSL |
| | Western District of Washington, |
| v. | Seattle |
| QUALITY LOAN SERVICE | **APPELLANT'S STATEMENT** |
| CORPORATION OF | **IN RESPONSE TO CLERK'S** |
| WASHINGTON, et al.; | **ORDER DATED MAY 3, 2024** |
|     Defendants - Appellees. | |

The Clerk of this Court has issued an Order relating to this

Appeal which states:

> A notice of appeal must be filed within the mandatory and
> jurisdictional deadline in Federal Appellate Rule of
> Appellate Procedure 4(a)(1)). See United States v. Sasler, 480
> F.3d 932, 937 (9th Cir. 2007); 28 U.S.C. § 2107. This court
> may therefore lack jurisdiction over this appeal.

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

Within 21 days, appellant must either file a statement why the appeal should not be dismissed for lack of jurisdiction or move for voluntary dismissal of the appeal. See 9th Cir. R. 42-1. …

Briefing is stayed.

This is DeBotton's statement as to why this appeal should not be dismissed.

*Introduction.*

In Federalist 78, "The Judiciary Department"[1], Alexander Hamilton observed:

The complete independence of the courts of justice is peculiarly essential in a limited Constitution. By a limited Constitution, I understand one which contains certain specified exceptions to the legislative authority; such, for instance, as that it shall pass no bills of attainder, no ex-post-facto laws, and the like. Limitations of this kind can be preserved in practice no other way than through the medium of courts of justice, whose duty it must be to declare all acts contrary to the manifest tenor of the Constitution void. Without this, all the reservations of particular rights or privileges would amount to nothing.

*DeBotton's Statement as to why his appeal should be considered by this Court of Appeals*

DeBotton's complaint was originally filed in a Washington State court and alleged, among other things:

---

[1] Last retrieved at https://guides.loc.gov/federalist-papers/text-71-80#fed78_note3

Appellant's Statement In Response
to Clerk's Order Dated May 3, 2024
Page 2

**STAFNE LAW ADVOCACY AND CONSULTING**
239 North Olympic Avenue
Arlington, Washington 98223
Telephone: (360) 403 8700

3.7    Prior to 2008, the practices of securitization businesses, with regard to destroying copies of original instruments, became well known by persons holding positions with the federal government and the government of Washington State, because this business practice, *i.e.*, destroying the original note signed by the borrower, threatened to make the enforcement of loans owned by securitized trust difficult to enforce under existing laws. And those governments, through office holders and other government workers, unconstitutionally took steps to protect the securities industry and a portion of its investors at the expense of homeowners and less-favored investors. Those statutory actions taken by the political branches of the federal government and Washington State government to protect the economy and one group of interests at the expense of another were justified, if they were, as being in the public interest.

3.8    The political branches of the State of Washington, for example, enacted legislation to align the pecuniary interests of its judges with enforcing mortgages owned by purported securities certificate holders notwithstanding that they had no contractual or other right to do so. The intent of giving judges an interest in such mortgage-backed security investments was to unlawfully incentivize a judicial result favoring foreclosure of homes secured by loans purportedly owned by securitized trusts. This violated the Due Process Clause of the Fourteenth Amendment by compromising -- or appearing to compromise -- the neutrality of Washington's judicial officers with regards to deciding this enforceability of such mortgages because they had been given a pecuniary interest in how this judicial inquiry would be adjudicated.

3.9    Additionally, since September 14, 2006, the date de Botton entered into the 2006 promissory note and deed of trust mortgage agreement referenced in paragraph 3.1 above, Washington's political branches have amended Washington's Deed of Trust Act on numerous occasions, including in  2008, 2009, 2011, 2012, 2013, 2014, 2018, and

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

2021. De Botton alleges that the political branches of Washington, and their debt collector and money lending allies, intended that these amendments would change the terms of his agreements so as to benefit money lenders, debt buyers, Washington's government officials, and Washington's Executive Branch of government at the expense of borrowers owning land secured by deed of trust security instruments purportedly owned by securitized trusts. De Botton also alleges that the political branches' enactment of such amendments for purposes of changing the law applicable to his 2006 agreements impaired his rights to freedom to contract pursuant to Wash. Const. art. 1, § 23 and U.S. Const. Art. 1, § 10 and has denied him due process of law.

DeBotton admits that his attorney was unable to file the notice of appeal relating to the purported final order of the United States District Court for the Western District of Washington within the 30 days required by Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107. *See* Stafne Declaration. But DeBotton asserts that this is not disqualifying with regards to an appeal as to whether the district court had and this Court have subject matter jurisdiction over the merits of DeBotton's case, including those related "certain specified exceptions to the legislative authority; such for instance that it shall pass no bills of attainder, no ex-post-facto laws and the like." Federalist No. 78, *supra*. Further, DeBotton contends he should be entitled to file his notice of appeal in this case pursuant to the language of 28 U.S.C § 2107 which states:

Appellant's Statement In Response
to Clerk's Order Dated May 3, 2024
Page 4

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone: (360) 403 8700

**(a)** Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

**(b)** In any such action, suit, or proceeding, the time as to all parties shall be 60 days from such entry if one of the parties is—

**(1)** the United States;

**(2)** a United States agency;

**(3)** a United States officer or employee sued in an official capacity; or

**(4)** a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on behalf of the United States, including all instances in which the United States represents that officer or employee when the judgment, order, or decree is entered or files the appeal for that officer or employee.

DeBotton asserts the circumstances of this case present arguable claims of fact and law with regards to whether DeBotton has complied with the above quoted statutory provision. Such circumstances include, among others, (1) DeBotton timely filed his appeal with regards to those same subject matter jurisdiction appeal issues he seeks to raise now in this appeal within thirty days after the district court's purported unconstitutional assertion of subject matter jurisdiction pursuant to the collateral order doctrine; (2) While that appeal was

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone: (360) 403 8700

ongoing DeBotton asserted to the district court, this Court, and the

Supreme Court that he would appeal any decision on the merits based

on those same jurisdictional arguments he was asserting in his appeal

pursuant to the collateral order doctrine; (3) These same jurisdictional

issues are being raised in another appeal before this Court by

DeBotton's attorney; (4) the delay in filing this case was caused by the

disability and acute illness of DeBotton's attorney; (5) These

jurisdictional issues going to the authority of a federal court to

adjudicate a case and the right to challenge the exercise of this power

could not be forfeited or waived by the district court refusing to

consider DeBotton's briefing of this issue because it was exceeded that

Court's page limit. *Arbuagh v. Y&H Corp.*, 546 U.S. 500, 514 (2006);

and (6) Article III courts (including this intermediate appellate court,

the district court, and the Supreme Court) each has an independent

obligation to determine whether subject matter jurisdiction exists, even

in the absence of a challenge from any party. *Id.*; *Ruhrgas AG* v.

*Marathon Oil Co.,* 526 U.S. 574, 583 (1999).

    And with regards to the constitutional premises set forth in

points (5) and (6) above it is DeBotton's contention that courts must

possess subject matter jurisdiction over a case or controversy in order

to exercise Article III judicial power with regards to a dispute. In this

Appellant's Statement In Response
to Clerk's Order Dated May 3, 2024
Page 6

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone: (360) 403 8700

regard, the necessity of federal courts having subject matter jurisdiction in order to exercise Article III judicial power is the same type of limitation on the exercise of the national judicial power as are the Constitution's limitations on Congress' legislative power.

The final order in the case below was decided by the district court's Chief Judge David G. Estudillo pursuant to a judicial procedure established by the United States District Court for Western Washington. That judicial procedure required the chief judge of that court to review disqualification orders made by challenged judges.

After Chief Judge Estudillo had reviewed and held proper Senior Adjudicator Lasnik's exercise of judicial power DeBotton filed a Motion for Post Judgment Relief based on, among other things, new evidence allegedly demonstrating that the United States District Court for Western Washington had adopted procedures intended to infringe on homeowners' (like DeBotton's) constitutional rights to insist on Article III judges adjudicating cases involving their foreclosures. *See* Stafne Declaration.

A copy of the district court's final order, i.e. Order Denying Plaintiff's Motion to File Over-length Motion (Dkt. No. 72), upon which this appeal is premised, is attached as **Exhibit 1** to Stafne's

Appellant's Statement In Response
to Clerk's Order Dated May 3, 2024
Page 7

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

Declaration. The Order states in pertinent part: "Motions to file overlength motions or briefs are disfavored. ... The Court DENIES Plaintiff's motion. The Court will not entertain further argument regarding the "constitutional competence" of judges who have assumed senior status."

It is important to keep in mind that the motion the district court denied was a procedural one which requested the District Court to grant permission for DeBotton to file an overlength brief to reconsider the District Court's decision that Senior Adjudicator was a competent Article III judge for purposes of adjudicating the merits issues raised before that Court. Accordingly, it is clear that the district court chose not to resolve the merits of those jurisdictional challenges which DeBotton posed with regards to the exercise of Article III judicial power.

A copy of the pertinent motion to file an overlong brief is attached as **Exhibit 2** to Stafne's Declaration in support of this statement. As can be seen that motion to file an overlength motion includes as exhibits a copy of DeBotton's "Motion for Post Judgment Relief Pursuant to Fed. R. Civ. Pro. 59" (as Exhibit A); and the "Declaration of Scott E. Stafne in Support of Plaintiff Raymond DeBotton's Motion for Post Judgment Relief" (as Exhibit B.)

Appellant's Statement In Response
to Clerk's Order Dated May 3, 2024
Page 8

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone: (360) 403 8700

As can be seen from **Exhibit 2** to Stafne's declaration in support of this statement the motion to file an overlength motion is  a procedural motion, which was denied by the district court in such a way so as to not have to consider the merits of the jurisdictional inquiries raised by DeBotton in his attached Motion for Post Judgment Relief.

Among other things, DeBotton argued to the district court with regards to his Motion for Post Judgment Relief that the local rules of the district court for the District of Western Washington had been contrived to prevent foreclosure litigants, like DeBotton, from asserting their personal constitutional right to have their cases adjudicated by Article III judges. For example, Stafne stated in his declaration:

> 7. In the case I filed on behalf of Church of the Gardens ("COTG") and Alvin White which is referenced in paragraph 4, hereof, and which was removed to this Court by defendant Deutsche Bank, I learned after the case had been removed that it had been assigned to a magistrate judge which would prevent my clients from obtaining that relief they had requested pursuant RCW 61.24.130. Accordingly on January 4, 2024 COTG and White filed a Notice and Objection to Assignment of Magistrate Judge. I have attached a copy of this pleading, which is ECF # 4 in that case hereto as Exhibit 1.
>
> 8. On January 4, 2024 at 2:09m PM I received an email from someone named Stephanie Prather from this district court which stated in pertinent part:
>
>> Regarding the below filing: when a case is initially assigned to a Magistrate Judge, please note that it is the Court's procedure (General Order 01-15) to wait for

all parties to first make an appearance. Once all parties have appeared, a consent letter (example attached) is distributed to all parties allowing them the option to decline consent to appear before a Magistrate Judge. At that time, if any party should decline to consent, the case is then reassigned to a District Judge without noting on the docket which party does not wish to consent

*          *          *

At the direction of chambers, this notice will be stricken for failure to follow the Court's procedures and a consent form will be posted once all parties have appeared.

9. On that same day at 4:47 PM COTG and White, through me as their attorney, responded:

Ms. Prather,

With respect for the Court but pursuant to my obligation as counsel I respectfully object to "chambers" striking my objection from the Court record. My clients sought a restraining order with regard to the Washington State Statutory's Trustee sale of Property Owner's real properties pursuant to RCW 61.24.130. And in this regard, they timely filed this action in state court. By removing this case to a judicial officer without authority to rule on the issues raised in the state court complaint the Washington State Statutory Trustee and its client Deutsche Bank have purposely attempted to sabotage my clients rights under RCW 61.24.130 and the Constitutions of the United States and the State of Washington to restrain the sale on any proper legal or equitable grounds.

It is the position of the Church of the Gardens and Property Owner that a judicial official does not have the authority to exercise the kind of discretion "chambers" asserts to be exercising here.

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

A copy of this email is attached hereto as Exhibit 3[2].

10. On the next day, after White's properties had been sold pursuant by a
Washington State Statutory Trustee under color of law pursuant to Washington State's Deeds of Trust Act, Chapter 61.12 RCW, I received an email from scourts@updates.uscourts.gov which stated that this Court's previous order assigning cases to magistrate judges had been changed. I have attached a copy of this email hereto as Exhibit 4.

11. On January 8, 2024 COTG and White filed the Amended Complaint for Declaratory Relief Regarding the meaning of RCW 61.24.130; Injunctive relief Pursuant to RCW 61.24.130; to Void Specific Sales of Real Property in Violation of RCW 61.24.130; and for Damages." A copy of this pleading is attached hereto as Exhibit 5.

12. Plaintiff asserts that this Court appears to have adopted general procedures designed to minimize removed plaintiffs' opportunities to stop nonjudicial sales of their property pursuant to RCW 61.24.130 after removed plaintiffs attempts to do so in state court have been removed to this district court, i.e. the United States District Court for Western Washington.

13. My clients, Church of the Gardens and Alvin White, could not have presented this latest evidence corroborating this district court's judicial officers' bias with regard to removed plaintiffs being assigned judicial officers who do not hold the office of judge during good behavior because this evidence did not exist until January 5, 2024 when this Court amended its general procedures.

---

[2] Footnote 1 to Stafne's declaration appears here and states as note 1 to that declaration: "I have observed that Prather or the Court through a judicial officer inappropriately removed White's objection from the Court record. DeBotton asserts this is further evidence tending to prove the bias of this Court against allowing litigants to assert their constitutional right to have removed cases adjudicated only by a judicial officer who holds the office of judge during good behavior.

Appellant's Statement In Response
to Clerk's Order Dated May 3, 2024
Page 11

**STAFNE LAW ADVOCACY AND CONSULTING**
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

DeBotton also argued the district court's own rules revealed that court's bias in favor of infringing upon and/or forcing litigants to waive their personal right to insist on an Article III judge; i.d. A judicial officer holding the office of judge during good behaviour. This judicial inquiry was posed by issue 4 of that Motion, which was:

> 4. Whether under the circumstances of this case, i.e. where the judicial officers of this District Court have systematically refused to factually or legally address the judicial inquiries presented by DeBotton regarding senior status, and further where the judicial officers of this Court have promulgated procedures which infringe on litigants rights to have removed cases adjudicated by the judicial officers holding the office of judge during good behavior, there exists any factual or legal basis for a presumption that Senior Adjudicator Lasnik was or is impartial with regards to those senior status issues which he adjudicated?

With regards to the merits of the judicial inquiries he raised, DeBotton argued:

> ### B. Grounds for Relief here.
>
> Controlling precedent holds Article III limits the judicial power of federal courts through neutral judicial officers to adjudicating "cases and controversies presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." [cites]
> With regard to the requirement that judicial officers must be -- and appear to be impartial, *see* [cites]
> "A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

laws supposed already to exist. ***That is its purpose and end***." [cites]

"[T]he nature of a proceeding 'depends not upon the character of the body but upon the character of the proceedings.'" [cites]

It is DeBotton's position that these restrictions on this Court's exercise of judicial power required the Chief Judge (and before him senior adjudicator Lasnik) to investigate, declare, and enforce the meaning of 28 U.S.C, § 294 with regards to those judicial inquiries presented by DeBotton which queried whether judicial officers who accept senior status and as a result must be periodically designated and assigned to exercise Article III judicial power qualify as judicial officers holding the office of judge during "Good behaviour," as is contemplated by the language and history of Article III and the associated Separation of Powers and Federalism structures of this nation's organic law.

DeBotton asserts this Court's continuing refusal to adjudicate the judicial inquiry DeBotton presented by way of finding facts and then applying the applicable law to those facts, i.e. the language and history of Article III, is evidence of this Court's senior adjudicators bias in favor of exercising the judicial power in a way which promotes those judicial officers' personal interest in the outcome, as opposed to having this judicial inquiry resolved through the discipline of a traditional exercise of judicial power. Further, that this district court (through all of its judicial officers, including those holding the office of judge during good behavior) has invested so much of its resources in adopting procedures and policies which are designed to result in a waiver of litigants' personal constitutional right to have their cases adjudicated by competent Article III judges, that DeBotton's claims in these regards should be adjudicated by a judicial officer not associated with this Court; just as was done in the *Stafne v. Zilly* adjudication previously referenced.

DeBotton could not have raised the conduct of this Court and the Chief Judge in revoking its magistrate rule

Appellant's Statement In Response
to Clerk's Order Dated May 3, 2024
Page 13

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

any earlier than they did because such revocation of the general policy just occurred. *See* Stafne Declaration.

DeBotton challenges the Chief Judge's assertion that any presumption of impartiality applies to the judicial officers of this Court with regards to judicial inquiries being presented here by DeBotton given the conduct of the judicial officers of this Court. Furthermore, in the context of this case it is DeBotton's position that any presumption of impartiality with regards to this presentation would be inimical to the principle that this Court (and its judicial officers) must establish their subject matter jurisdiction over cases and controversies in order to exercise Article III judicial power. [cites]

Rule of Law does not exist when judicial officers refuse to exercise the judicial power pursuant to that discipline which is necessary to achieve justice. And under these circumstances it may make sense for the People not to seek Justice from Courts that do not have those neutral judicial officers necessary to achieve Justice in a manner that has been recognized since before the birth of Christ. See e.g. Mathew, 7.6 NKJV.

On May 14, 2024 the Speaker of the United States House of Representatives appeared outside the courtroom in which the former president of the United States is being tried for purported criminal offenses and stated:

"... I am an attorney. I am a former litigator myself. I am disgusted by what is happening here. What is being done here to our entire system of justice overall. The People are losing faith right now in our country; in our institutions. They are losing faith in our system of justice. And the reason for this is because they are seeing it being abused as is being done here in New York. The facts here are very important.

Facts are always important in a trial. Or at least they are supposed to be. ..."[3]

Certainly, it is obvious to candid citizens that when a former President of this Nation cannot get an unbiased judge or a fair trial that the interests of millions of property owners, like DeBotton, may be being sacrificed at the altar of judicial corruption by those using our courts and government to take homes in violation of our organic laws.

Just as an unconstitutional statute is never really part of the body of governing law because "the Constitution automatically displaces [it] from the moment of [its] enactment," *Collins v. Yellen*, 594 U. S. ___, ___, 210 L. Ed. 2d 432, 436 (2021), the same is true with regard to an Article III court's purported exercise of the federal judicial power over a litigant's case without the court having the subject matter jurisdiction to adjudicate those claims. Both types of government actions and orders are void. *Marbury v. Madison*, 1 Cranch, at 178; accord, *Bayard v. Singleton*, 1 N. C. 5, 7, 3 N.C. 42, 1 Martin 48 (1787) (holding that the unconstitutional "act on which [a party's] motion was grounded . . . must of course, in that instance, stand as abrogated and without any effect"). This being so it was obviously inappropriate for the United

_____

[3] Last accessed May 15, 2024 at: https://www.youtube.com/watch?v=vX0GcaGFOlQ at 0:46-1:15

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

States District Court for the Western District of Washington to avoid the challenges addressed to the exercise of that court's judicial power by refusing to consider the motion because DeBotton's motion for post judgment relief was a few words too long.

DeBotton also claims the Clerk and all the clerks of this Court of Appeals do not have the constitutional predicates, i.e. salary protection and life tenure in the office of judge, to adjudicate the constitutional issues described above and that these clerks must schedule DeBotton's briefing schedule.

In a world where an upside down American flag flies over a Justice's family home at a time when the national government appears to have combined its forces with those of Washington State in order to steal People's homes to enrich government officials, including judges, and their already too wealthy through crime financial industry allies, it is impossible for the candid citizen not to grieve present judicial officials squandering of that good will naturally reserved for those institutions intended to provide justice to the community. And it should be expected that citizens' grief at their loss of a workable justice system will change to anger once the extent of the purported judicial corruption urged by DeBotton here is publicly exposed and evaluated pursuant to this appeal.

Appellant's Statement In Response
to Clerk's Order Dated May 3, 2024
Page 16

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

The district court for Western Washington, this Court, and the Supreme Court should understand that the People will not accept a judicial branch of their democratic Republic which refuses to engage in the adjudication of those judicial inquiries presented by the parties for resolution. Rather, the People will clearly see this Nation's present judicial system for what it appears to have become: an instrument of tyranny operated by hypocrites who have no interest in obtaining a just result based on facts and law. *Cf.* Luke 11:52 KJV.

## Conclusion

The Clerk (or clerks) of this Court are not constitutionally competent to adjudicate the judicial inquiries DeBotton presents here. Accordingly, this appeal should be scheduled for briefing since oral argument will most likely not be permitted. *See Stafne v. Burnside*, attached hereto (asserting at pp. 1-2 that the Supreme Court's dicta in *Nyguen v. United States*, 539 U.S. 69, 72 (2003) that senior judges are life tenured Article III judges foreclosing adjudication of this issue.)

DATED this 22nd day of May, 2024.

Appellant's Statement In Response
to Clerk's Order Dated May 3, 2024
Page 17

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

By: _____*s/ Scott E. Stafne*_____

Scott E. Stafne, WSBA No. 6964

Stafne Law *Advocacy & Consulting*

239 North Olympic Avenue

Arlington, WA 98223

Scott@Stafnelaw.com

360.403.8700

# Attachment

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT ERIK STAFNE, | No. 22-35547 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00753-JCC |
| v. | |
| FREDERICK BENJAMIN BURNSIDE; *et al.*, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| SPS, | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 15, 2024[**]
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and NAVARRO,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gloria M. Navarro, United States District Judge for

Scott Stafne appeals the district court's judgment for defendants. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). The district court's denial of a motion for post-judgment relief under Fed. R. Civ. P. 59(e) is reviewed for abuse of discretion. *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992). We also review a district court's denial of a motion to recuse for abuse of discretion. *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

Stafne does not challenge the merits of Judge Coughenour's dismissal order. Rather, he challenges Judge Coughenour's judicial authority based on his status as a senior judge. Stafne further argues that Judge Coughenour's bias as a senior judge made him unable to fairly decide the constitutionality of senior judges.

This is not the first time Stafne has made his senior-judge argument in this Court. As this Court has previously concluded, "Stafne's argument that the senior district judge who heard his case was a 'retired judge' merely 'acting as an Article III judge in this case,' is without merit." *Bank of New York Mellon v. Stafne*, 824 F. App'x 536, 536 (9th Cir. 2020). "Senior judges 'are, of course, life-tenured

_____

the District of Nevada, sitting by designation.

2

Article III judges.'" *Id.* (quoting *Nguyen v. United States*, 539 U.S. 69, 72 (2003)).

This basic proposition has been routinely confirmed by the Supreme Court, this

Court, and other circuit and district courts. *See, e.g.*, *Booth v. United States*, 291

U.S. 339, 350 (1934) ("By retiring pursuant to the statute a judge does not

relinquish his office."); *Williams v. Decker*, 767 F.3d 734, 743 (8th Cir. 2014)

(rejecting argument that district court judge lacked authority to adjudicate matter

due to her status as senior district court judge); *Bank v. Cooper, Paroff, Cooper &*

*Cook*, 356 F. App'x 509, 511 (2d Cir. 2009) (same); *United States v. Teresi*, 484

F.2d 894, 898 (7th Cir. 1973) (same).  Although Stafne argues otherwise based on

a law review article, we must follow binding Supreme Court precedent.

Stafne's argument that Judge Coughenour improperly denied his recusal

motion because of his "bias regarding the senior judge issue" is equally without

merit.  As Stafne's position is foreclosed under Supreme Court precedent, no

reasonable person would question whether the district court's decision was

improperly influenced on this matter. *See United States v. Holland*, 519 F.3d 909,

912–13 (9th Cir. 2008), *as amended*.  Moreover, pursuant to the Western District

of Washington's local rules, then-Chief Judge Ricardo S. Martinez reviewed Judge

Coughenour's decision to not recuse and found that Stafne had not "demonstrated

a reasonable basis to question Judge Coughenour's impartiality or to justify

recusal." (Order on Mot. Recusal, 1-ER-19). Stafne's belief that senior judges are

not Article III judges did not warrant recusal.

**AFFIRMED.**

# EXHIBIT  5

NO. 24-2738

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

RAYMOND DE BOTTON,

          Appellant,

    v.

QUALITY LOAN SERVICE
CORPORATION OF
WASHINGTON, et al.,

          Appellees.

APPELLEE STATE OF
WASHINGTON'S RESPONSE TO
APPELLANT'S STATEMENT IN
RESPONSE TO CLERK'S ORDER
DATED MAY 3, 2024

## I.  INTRODUCTION

The Court of Appeals does not have jurisdiction over this untimely appeal. It should be dismissed.

## II.  ISSUE PRESENTED FOR REVIEW

Whether the Court of Appeals lacks jurisdiction, because Appellant's April 29, 2024 notice of appeal was not filed within 30 days after the district court's post-judgment order entered on March 27, 2024.

## III.  STATEMENT OF THE CASE

On November 13, 2023, the district court entered judgment in favor of all Defendants, and against Plaintiff De Botton. Declaration of Kelsey E. Endres

(Endres Decl.), Ex. A at 2. On March 27, 2024, the district court denied Plaintiff's Motion to File Over-length Motion, which sought to challenge the constitutionality of senior status judges and disqualify Senior Judge Robert S. Lasnik from presiding. Stafne Decl., DktEntry No. 7.2 at 8 (issued by Chief District Judge David G. Estudillo). Appellant De Botton filed the instant Notice of Appeal of the March 27, 2024 order 33 days later, on April 29, 2024.[1]

Appellant "admits that his attorney was unable to file the notice of appeal relating to the purported final order of the United States District Court for the Western District of Washington within the 30 days required by Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107." Appellant's Statement in Response to Clerk's Order Dated May 3, 2024 (Appellant's Statement), DktEntry No. 7.1 at 4.

## IV.   ARGUMENT

This Court lacks jurisdiction over appeals filed more than 30 days after the district court's applicable judgment, order, or decree, subject to exceptions that do not exist here. *See* 28 U.S.C. § 2107(a); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (requirement of timely notice of appeal is mandatory and jurisdictional).

---

[1] The 30-day deadline to appeal after March 27, 2024 was April 26, 2024.

The 60-day window for cases involving United States parties, 28 U.S.C. § 2107(b), does not apply. Neither the United States, a United States agency, a United States officer or employee sued in their official capacity, nor a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on behalf of the United States was made a party to this case. *See* Endres Decl. Ex. B at 2.

Appellant did not file a motion with the district court, within 30 days after entry of the judgment or order appealed from, to "extend the time for appeal upon a showing of excusable neglect or good cause." 28 U.S.C. § 2107(c); *see also* Fed. R. App. P. 4(a)(5). Nor does Appellant's Statement discuss the requirements to establish excusable neglect or good cause, or otherwise argue that he met them within that particular time frame.

Similarly, once the 30-day deadline passed, Appellant did not file a motion to reopen the time to file an appeal under Fed. R. App. P. 4(a)(6), and even if he did, the district court would have lacked authority to grant such a motion. Appellant received notice of the entry of judgment or order via ECF, and does not assert that he "did not receive such notice from the clerk or any party within 21 days of its entry." *See* DktEntry 7.2 at 2 ("I have attached hereto as Exhibit 1 a copy of the final order being appealed herein."), 8 (final order).

Therefore, the extended time frame of 28 U.S.C. § 2107(c)(1) does not apply and Fed. R. App. P. 6(a)(6) would not provide grounds to reopen the time frame to file Appellant's otherwise untimely appeal.[2]

This case is not a bankruptcy matter or other proceeding under Title 11. The exclusion of 28 U.S.C. § 2107(d) does not apply.

## V.   CONCLUSION

For the foregoing reasons, this appeal should be dismissed for lack of jurisdiction.

RESPECTFULLY SUBMITTED this 31st day of May 2024.

ROBERT W. FERGUSON
Attorney General

*s/ Kelsey E. Endres*
KELSEY E. ENDRES, WSBA #39409
Assistant Attorney General
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Kelsey.Endres@atg.wa.gov
*Attorney for Appellee State of Washington*

---

[2] 28 U.S.C. § 2107(c)(2) (and Fed. R. App. P. 4(a)(6)(C)) also requires a finding that "no party would be prejudiced." Because 28 U.S.C. §§ 2107(c)(1) and (c)(2) are conjunctive requirements, this Court need not determine whether Defendants/Appellees would be prejudiced by extending the time for appeal. Appellee State of Washington, however, neither concedes the argument that it would not be prejudiced by permitting this untimely appeal to proceed, nor waives its right to assert such an argument in future proceedings, if any.

# EXHIBIT  6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND DE BOTTON,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>QUALITY LOAN SERVICES CORPORATION OF WASHINGTON; MCCARTHY & HOLTHUS, LLP; WARREN LANCE; FIRST HORIZON LOAN CORPORATION; SELECT PORTFOLIO SERVICING; STATE OF WASHINGTON<br><br>Defendants-Appellees. | No. 24-2738<br><br>D.C. No. 2:23-cv-00223-RSL<br>Western District of Washington, Seattle<br><br>**APPELLEE SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO APPELLANT'S STATEMENT IN RESPONSE TO CLERK'S ORDER DATED MAY 3, 2024** |

## I.    RELIEF REQUESTED

Defendant-Appellee Select Portfolio Servicing, Inc. ("SPS") respectfully

requests that the Court deny jurisdiction over the appeal filed on April 29, 2024 by

Plaintiff-Appellant Raymond De Botton ("De Botton"). De Botton's counsel admits

that he filed the Notice of Appeal after the thirty-day deadline provided for in FRAP

4(a)(1)(A). De Botton filed the Notice of Appeal **over five months** after judgment

APPELLEE SELECT PORTFOLIO SERVICING, INC.'S
RESPONSE TO APPELLANT'S STATEMENT
IN RESPONSE TO CLERK'S
ORDER DATED MAY 3, 2024 - 1

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101

was entered in the District Court on November 13, 2023.[1] De Botton's only potential argument for relief is that his failure to timely file the Notice of Appeal was due to "excusable neglect." *See* FRAP 4(a)(5)(A). However, in his Statement, Dkt No. 7.1, De Botton's counsel states only that his "disability and acute illness" caused his untimely filing. De Botton's counsel fails to specify any facts to explain how his "disability and acute illness" caused him to file the Notice of Appeal over five months after the November 13, 2023 judgment. The bare assertion of "disability and acute illness" is insufficient to establish "excusable neglect" and therefore this Court should decline to consider the present appeal.

## II.  STATEMENT OF FACTS

The final judgment in the District Court was entered on November 13, 2023. *Sagara Dec*., ¶3, Ex. A, at Dkt No. 59. This judgment reflected the dismissal on prior dispositive motions of De Botton's claims against Quality Loan Services Corporation of Washington ("Quality Loan"), McCarthy & Holthus, LLP ("McCarthy"), Warren Lance ("Lance"), SPS and the State of Washington (the "State"). *See id*. Despite the November 13, 2023 entry of judgment, of which De Botton received electronic notice, De Botton failed to appeal the judgment within

---

[1] De Botton filed the Notice of Appeal even three days after the last order entered in the District Court, the order denying leave to file an over-length brief entered on March 27, 2024. Although the March 27, 2024 Order does not qualify as a "final decision" under 28 U.S.C. §1291. *See Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008).

APPELLEE SELECT PORTFOLIO SERVICING, INC.'S
RESPONSE TO APPELLANT'S STATEMENT
IN RESPONSE TO CLERK'S
ORDER DATED MAY 3, 2024 - 2

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101

thirty days. Instead, on November 13, 2023, De Botton filed a Notice of Appeal regarding only the District Court's order sanctioning De Botton's counsel pursuant to FRCP 11, which was entered on November 8, 2023. *Id.*, at Dkt No. 62. De Botton did not file a Notice of Appeal of the November 13, 2023 judgment until April 29, 2024, over five months later. *Id.*, at Dkt No. 79. The April 29, 2024 Notice of Appeal was even filed thirty-three days after the last order in the District Court was entered on March 27, 2024. *See id.*

In addition, during the last five months, De Botton's counsel was actively litigating claims opposite the undersigned counsel in two other actions: one in Whatcom County Superior Court, assigned No. 23-2-00351-37; and the other in the United States District Court, Western District of Washington, at Seattle, assigned No. 3:23-cv-06193-TMC. *Id.*, ¶¶4 5, Exs, B, C.

## III.   ARGUMENT

A notice of appeal must be filed within the "mandatory and jurisdictional" deadline in FRAP 4(a)(1). *See United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007); 28 U.S.C. §2107. FRAP 4(a)(1) states that "the notice of appeal required by Rule 3 must be filed with the district clerk ***within 30 days after entry of the judgment or order appealed from***." FRAP 4(a)(1) (emphasis added).

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON  98101

Under FRAP (a)(5)(A), a district court may extend the thirty-day deadline in response to a motion for extension of time filed before the thirty-day deadline expires and in which the moving party "shows excusable neglect or good cause." The plain language of FRAP (a)(5)(A) does not provide for an extension requested after the thirty-day deadline expires. *See* FRAP (a)(5)(A).

In the present appeal, De Botton filed the Notice of Appeal on April 29, 2024. *Sagara Dec.*, ¶3, Ex. A, at Dkt No. 79. This Notice of Appeal included or referenced multiple District Court orders, the earliest of which was the April 24, 2023 order denying remand and the latest of which was the March 27, 2024 order denying leave to file an over-length brief. *Id*. The actual judgment reflecting the District Court's dismissal of claims on prior dispositive motions was entered on November 13, 2023. *Id.*, at Dkt No. 59. Of significance is that the November 13, 2023 judgment was the last "final decision" under 28 U.S.C. §1291. *See Romoland Sch. Dist*, 548 F.3d at 747 (9th Cir. 2008) ("A district court order is...not appealable [under 28 U.S.C. §1291] unless it disposes of all claims as to all parties or unless judgment is entered in compliance with Federal Rule of Civil Procedure 54(b)." (citation omitted)). Regardless of the April 29, 2024 Notice of Appeal's referenced District Court orders, it is indisputable that De Botton filed the Notice of Appeal beyond the thirty-day deadline. *See Sagara Dec.*, ¶3, Ex. A.

**BUCHALTER**
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

   De Botton's counsel also cannot dispute that he never moved for an extension of time in the District Court. *Id*. Rather, in the Statement requested by this Court, De Botton's counsel for the first time raises the issue of "excusable neglect" or "good cause." *See* Dkt No. 7.1, at 6. In this regard, De Botton's counsel states only that his "disability and acute illness" caused his untimely filing. *Id*. De Botton provides no other facts or pertinent authority to support "excusable neglect" or "good cause" on a basis other than "disability and acute illness." *See* Dkt No. 7.1. Even if the "disability and acute illness" was raised in a procedurally proper manner, it fails for deficient supporting facts. In cases where "excusable neglect" was found due to illness, counsel provided specific facts to support the finding. *See*, *e.g.*, *Islamic Republic of Iran v. Boeing*, 739 F.2d 464, 465 (9th Cir. 1984) (holding that "excusable neglect" was "amply supported by counsel's sworn affidavit that his illness involved diarrhea, vomiting, and a five pound weight loss over 36 hours" and "[d]uring the same period of time, moreover, counsel's secretary was taken ill."). In contrast, De Botton's counsel fails to specify any disability or illness, symptoms, timeframe, or any other explanation. *See* Dkt Nos. 7.1, 7.2. On this record, there is insufficient support for a finding of "excusable neglect" spanning over five months or "good cause."

APPELLEE SELECT PORTFOLIO SERVICING, INC.'S
RESPONSE TO APPELLANT'S STATEMENT
IN RESPONSE TO CLERK'S
ORDER DATED MAY 3, 2024 - 5

**Buchalter**
1420 Fifth Avenue, Suite 3100
Seattle, Washington  98101

In addition to filing pleadings in the District Court in the past five months, De Botton's counsel was also actively litigating in two other actions opposite the undersigned counsel: one assigned Whatcom County Superior Court No. 23-2-00351-37; and the other assigned United States District Court, Western District of Washington, No. 3:23-cv-06193-TMC. *Sagara Dec.*, ¶¶3-5, Exs. A-C. The dockets in these two other actions, along with the fact that De Botton's counsel had the constant and diligent assistance of intern Justin Wood in the past five months, undermines any argument for "excusable neglect" or "good cause" that would justify failing to timely file a Notice of Appeal in the present action. *Id.,* ¶¶4-6, Exs, B, C.

## IV.   CONCLUSION

Given the above, the Court should decline jurisdiction over the present appeal.

DATED June 3, 2024

BUCHALTER

By: */s Midori R. Sagara*
      Midori R. Sagara, WSBA No. 39626
      msagara@buchalter.com

      1420 Fifth Avenue, Suite 3100
      Seattle, WA  98101-1337
      Telephone: 206.319.7052

      *Attorney for Defendant-Appellee Select Portfolio Servicing, Inc.*

APPELLEE SELECT PORTFOLIO SERVICING, INC.'S
RESPONSE TO APPELLANT'S STATEMENT
IN RESPONSE TO CLERK'S
ORDER DATED MAY 3, 2024 - 6

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON  98101

# EXHIBIT  7



(360) 403-8700          239 N. Olympic Avenue  Arlington, WA 98223          FAX (360) 386-4005
www.STAFNELAW.com

July 1, 2024

Molly C. Dwyer, Clerk of Court
Office of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 19303
San Francisco, CA 94119-3939

Re: *DeBotton v. Quality Loan Service Corp. of Washington, et al.*, Ninth Circuit
Case No.: 24-2738.
Citation of Supplemental Authority

Dear Clerk:

Please find attached the opinion in *SEC v. Jarkesy*. Appellant requests this

Court review this Opinion when adjudicating the judicial inquiries raised in this

Appeal about the meaning of Article III's good behaviour tenure clause.

Justice Roberts' 6-3 majority opinion holds based on the structure of the

Constitution that when the SEC seeks penalties against defendants for securities

fraud, the Seventh Amendment entitles defendants to a jury trial before "a life

tenured judge, salary-protected Article III judge." *See* Opinion, at pp. 3. *See also*

pp. 7-8 and 13-14 (explaining why the separation of powers structure of our

Page 1

government mandates such a result); pp. 18-19 (asserting congress cannot withdraw from Article III judicial cognizance any matter which is the subject of a suit at common law, or in equity or admiralty); p. 27 stating "[a] defendant facing a fraud suit has the right to be tried by a jury of his peers before a neutral [and independent] adjudicator."

In his concurring opinion Justice Gorsuch writes "separately to highlight that other constitutional provisions reinforce the correctness of the Court's course." Gorsuch Concurrence, p. 1. Gorsuch asserts the Seventh Amendment "operates together with Article III and the Due Process Clause of the Fifth Amendment to limit how the government may go about depriving an individual of life, liberty, or property." *Id*. Article III, Gorsuch asserts, "entitles individuals to an independent judge who will preside over [the] trial.  And due process promises any trial will be held in accord with time-honored principles." *Id*.  According to Justice Gorsuch these constitutional principles "vindicate the Constitution's promise of a 'fair trial in a fair tribunal.'" citing *In re Murchison*, 349 U.S. 133, 135 (1955).

It is the appellant's position here that the historical analysis our Supreme Court uses in *SEC v. Jarkesy* to determine how this Nation's Article III judicial power can be exercised is inimical to the "Haunted House" analysis Senior Adjudicator Lasnik belatedly adopts to justify his inappropriate exercise of judicial power after he resigned his life tenure pursuant to 28 U.S.C. §§ 371 and 294.

Respectfully Submitted,

_s/ Scott E. Stafne_
Scott E. Stafne

# EXHIBIT  8

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND DE BOTTON, | No. 24-2738 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-00223-RSL Western District of Washington, Seattle |
| v. | |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, et al.; | ORDER |
| Defendants - Appellees. | |

"[I]f the district court does not set forth the judgment on a separate

document, an appealable final order is considered entered when 150 days have run

from the time the final order is docketed. . . . [A]n appellant must then file a notice

of appeal within 30 days after the end of that 150-day period." *Stephanie-Cardona*

*LLC v. Smith's Food & Drug Centers, Inc.*, 476 F.3d 701, 703 (9th Cir. 2007); *see*

*also* Fed. R. App. P. 4(a)(7)(A)(ii).  Because appellant filed the notice of appeal

within 180 days of the district court's January 11, 2024 dismissal order, the May 3,

2024 order is vacated as issued in error.

OSA155

The opening brief is due August 12, 2024.  The answering brief is due September 11, 2024.  The optional reply brief is due within 21 days after service of the answering brief.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

# EXHIBIT  9

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT ERIK STAFNE, Counsel for Plaintiff, | No. 23-3509 |
| | D.C. No. |
| Plaintiff - Appellant, | 2:23-cv-00223-RSL |
| | Western District of Washington, Seattle |
| v. | ORDER |
| QUALITY LOAN SERVICE CORPORATION, of Washington, et al.; | |
| Defendants - Appellees. | |

Before: CALLAHAN and H.A. THOMAS, Circuit Judges.

The district court has granted appellant leave to proceed on appeal in forma pauperis. The Clerk will amend the docket to reflect that appellant is proceeding in forma pauperis in this appeal.

Prior to the grant of in forma pauperis status, appellant attempted to pay the filing and docketing fees for this appeal by submitting the incorrect amount of fees to this court, rather than submitting the correct amount of fees to the district court. *See* Fed. R. App. P. 3(e) ("Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals."); 9th Cir. R. 3-1. Appellant's request for a refund of the filing fee submitted to this court (Docket Entry No. 16) is granted. The Clerk will return the filing fee erroneously submitted to this court.

The motion for an extension of time to file the opening brief (Docket Entry
No. 16) is granted.  The opening brief is due April 1, 2024.  The answering brief is
due May 1, 2024.  The optional reply brief is due within 21 days after service of
the answering brief.

# EXHIBIT  10

CASE NO. 20-35843

In The
**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

◆◆◆

Jay J. John,

*Plaintiff-Appellant,*

v.

Quality Loan Service Corp. *et al.,*

*Defendant-Appellee.*

◆◆◆

Appeal from the United States District Court for the
Eastern District of Washington No. 4:20-cv-05008-SAB

---

**APPELLANTS' OPENING BRIEF**

---

Scott E. Stafne, WSBA No. 6964
Stafne Law *Advocacy & Consulting*
239 North Olympic Avenue
Arlington, Washington 98223
Telephone: 360.403.8700
Scott@Stafnelaw.com
*Attorney for Appellant*



Church of the Gardens Press
www.churchofthegardens.org

## JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The District Court entered an order dismissing the complaint of Plaintiffs Jay John and his wife Diane Castello (hereafter referred to as the Johns) with prejudice on August 26, 2020. ER 3–13. The Johns filed their Notice of Appeal on September 25, 2020, ER 260–61, which was within the time required by Fed. R. App. P. 4(a)(1).

The John's attorney had previously filed a Notice of Appeal on his own behalf on July 24, 2020, after the District Court denied his motion to either withdraw as the Johns' attorney or provide him with such time as would be required pursuant to the Pandemic to adequately represent his clients. The District Court refused to process this appeal, but kept the five-hundred and five dollar ($505.00) filing fee.

## ISSUES PRESENTED

1. Did the District Court violate the party presentation principle by denying Johns' counsel's motion to withdraw or alternatively fix a briefing schedule that would allow the attorney to adequately represent the Johns under the circumstances of the Pandemic? (Short answer: YES)

2. Did the District Court violate state law and federal law by not considering the impact of the emergency regulations on the Johns' attorney's personal circumstances when ruling on the attorney's motion? (Short answer: YES)

3. Did the District Court's Order frustrate the Johns' right to counsel. (Short Answer: YES)

## STATEMENT OF THE CASE

This case was originally filed *pro se* by the Johns in the Washington State Superior Court for Benton County. ER 265. The complaint was prepared for them by persons illegally practicing law outside the state of Washington. ER 4, 39. The

1

# EXHIBIT  11

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT ERIK STAFNE, | No. 23-3509 |
| Attorney-Appellant, | D.C. No. 2:23-cv-00223-RSL Western District of Washington, Seattle |
| vs. | |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; et al., | MOTION TO STRIKE THIS COURT'S TIME SCHEDULE ORDER BASED ON THIS COURT'S LACK OF SUBJECT MATTER JURISDICTION |
| Defendants-Appellees. | |

## Relief Requested:

Raymond DeBotton, through his attorney Scott Erik Stafne of

Stafne Law Advocacy and Consulting in the case of *DeBotton vs. Quality*

*Loan Servicing Corporation of Washingto*n, et. al, United States District

Court for Western Washington cause no. 2:23-cv-00223-RSL., moves this

Court of Appeals to strike the Time Schedule Order filed with regard to

the appeal taken by Scott Erik Stafne of a Rule 11 sanctions award

against Stafne on grounds that this Court of Appeals had no subject

**STAFNE LAW ADVOCACY AND CONSULTING**
239 North Olympic Avenue
Arlington, Washington 98223
Telephone: (360) 403 8700

matter jurisdiction to issue that schedule order for the reasons stated in Stafne's declaration regarding this Court's scheduling order.

Additionally, Scott Stafne, the appellant-attorney with regard to the sanctions order being appealed in this appeal, also objects and moves to strike this same schedule order on grounds that this Court has no subject matter jurisdiction to issue that order.

**Issues:**

1.) Does this Court have subject matter jurisdiction under the circumstances of this case to force Raymond DeBotton, a removed plaintiff, to file a notice of appeal regarding a sanctions award against his attorney, which the attorney has appealed?

2.) Does this Court have subject matter jurisdiction under the circumstances of this case to force Raymond DeBotton, a removed plaintiff, who has not filed a notice of appeal with regards to this appeal, to consolidate any future appeal he might want to bring on his own behalf with the appeal brought by his attorney?

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

**Statement of Facts:**

Federal Rule of Appellate Procedure 3 states in pertinent

part:

a) FILING THE NOTICE OF APPEAL.

   (1) An appeal permitted by law as of right from a district
court to a court of appeals may be taken only by filing a
notice of appeal with the district clerk within the time
allowed by Rule 4. At the time of filing, the appellant must
furnish the clerk with enough copies of the notice to enable
the clerk to comply with Rule 3(d).

*            *            *

(b) JOINT OR CONSOLIDATED APPEALS.

(1) When two or more parties are entitled to appeal from a
district-court judgment or order, and their interests make
joinder practicable, they may file a joint notice of appeal.
They may then proceed on appeal as a single appellant.

(2) When the parties have filed separate timely notices of
appeal, the appeals may be joined or consolidated by the
court of appeals.

As is demonstrated by Scott Stafne's declaration in support

of this motion DeBotton did not file a Notice of Appeal with regard

to the sanctions order against his attorney and likely does not

want to appeal the sanctions order against Stafne. Additionally,

neither attorney Stafne nor Stafne's client DeBotton want their

appeals consolidated by this Court.

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

**Materials Relied Upon:**

Both Raymond DeBotton as plaintiff in *DeBotton vs. Quality Loan Servicing Corporation of Washingto*n, et. al, United States District Court for Western Washington cause no. 2:23-cv-00223-RSL, and Scott Stafne as the only appellant in this appeal, Ninth Circuit Case No. 23-3509, rely on the declaration of Scott Stafne in support of this motion.

**Argument:**

This Court of Appeals does not have the statutory or constitutional authority to deem the Notice of Appeal filed by Stafne on his own behalf appealing a sanctions award against him as being a Notice of Appeal also filed by DeBotton with regards to an order DeBotton has no Article III standing to appeal. *See* Stafne Declaration in support of this motion.

**Conclusion**

This Court should strike the Time Schedule Order because this Court of Appeals had no authority to issue that order and also because that order appears to have been entered in an attempt to continue dodging the issue as to whether senior judicial officers

STAFNE LAW ADVOCACY AND CONSULTING
239 North Olympic Avenue
Arlington, Washington 98223
Telephone:  (360) 403 8700

who must be assigned and designated to exercise Article III

judicial power pursuant to statute hold the office of judge during

good behavior as is required by Article III, section One.


DATED this 20th day of November, 2023.


Respectfully submitted,

By:   *s/ Scott E. Stafne* WSBA No. 6964
       Scott E. Stafne

Stafne Law *Advocacy & Consulting*
239 North Olympic Avenue
Arlington, WA 98223
scott@stafnelaw.com
360.403.8700